JOSEPH CUSHING & others *vs.* JOHN H. BILLINGS.

The order in which witnesses are to be examined, on a trial at bar, and the number which a party is allowed to call to the same point, are matters within the discretion of the judge; and the proceedings of the court of common pleas, in this respect, are not subject to revision by this court on exceptions.

THIS was an action to recover the amount of a promissory note, purporting to be signed by the defendant, payable to the plaintiffs or their order four months after date, and signed by an attesting witness. The trial was before *Mellen,* J., in the court of common pleas.

The defendant pleaded the general issue and filed the following specification of defence : —

" The said Billings gives notice that he shall deny the signature of the note declared on, and that in his defence he shall .also rely upon a want of consideration for the said note, upon a failure of consideration, and upon the ground that the said note was obtained by fraud."

The plaintiff called the attesting witness in order to prove the defendant's signature, and also to prove the consideration of the note.

The defendant then introduced various signatures of his, the genuineness of which was proved, and also three witnesses acquainted with his signature, to testify as to the genuineness of the signature to the note in question.

The plaintiffs then offered to put in further evidence as to

the genuineness of the note, to the introduction of which evidence, at that stage of the cause, the defendant objected; but the presiding judge overruled the objection, and allowed the evidence to be introduced, on the ground that the plaintiffs were surprised, by the course of the trial, supposing that the execution of the note was not the main ground of defence, and that the denial of the signature by the defendant was a formal matter, merely for the purpose of compelling the plaintiffs to introduce the attesting witness; although the defendant's specification of the ground of defence so taken was filed at a previous term of the court. A verdict being returned against the defendant, he alleged exceptions.

*F. H. Dewey*, for the defendant, argued, that it was the duty of the plaintiffs, on the trial, with such a specification of defence before them, to introduce all their evidence, in the first instance; that the course of the trial, as the defence had been a long time specified, could not reasonably be a surprise to them; and that it was within the province of this court, to determine whether the judge of the court of common pleas had exercised a sound legal discretion, in the admission of the testimony.

*N. Wood*, for the plaintiffs, was stopped by the court.

SHAW, C. J. We take it to be well settled, that the order in which witnesses shall be called, is a matter of discretion with the court. It is sometimes necessary to examine a witness after the evidence is regularly closed; and it is important, that a judge should have the power to allow it to be done. Such a proceeding may save the necessity of a new trial. So, as to the number of witnesses, where the testimony may be extended almost indefinitely, as in the case of evidence to usage or character. The case of handwriting is very similar, because, in regard to almost any man of business, hundreds of persons may be qualified, by having seen him write, to give an opinion which would be evidence. In such a case, suppose a great number of witnesses to be called to prove the genuineness of a signature; and when as many

of them have testified, as are necessary, in the opinion of the judge, to make a case, the court interferes and stops the further introduction of witnesses ; if, then, as great or a greater number is called and introduced on the other side, to testify against the genuineness of the signature, the judge has a discretionary power to admit further witnesses to be called in its support. The orderly course of proceeding requires, that the party, whose business it is to go forward, should bring out the strength of his proof, in the first instance ; but it is competent for the judge, according to the nature of the case, to allow a party who has closed his case to introduce further evidence. This depends upon the circumstances of each particular case, and falls within the absolute discretion of the judge, to be exercised or not as he may think proper.

*Exceptions overruled*